Billy C. Wilkins #817648
1050 W. Commerce
Brownwood, Texas 76801

Dear Judge Alcala,                                                    Sept. 20, 2015

    Ms. Alcala, I respectfully write this letter to you in very high hopes you will take into consideration to understand why I am writing to you. Ma-am, I was arrested way back on June 12, 1995 because I was suspected of having been involved in a burglary of a habitation. I've ask help from every actual innocent projects known to me in the State of Texas, Each one has inform me they just don't have the resorces to help in my situation. I was convicted by a jury and sentence to 99 years imprisonment. The conviction was affirmed by the Eleventh Court of Appeals at Eastland Texas, I didn't file any P.D.R. I did file a application for a writ of habeas corpus challenging the conviction by the use of issues already raised and denied by the appellate court. Afterwards I received from the appellate attorney Ben Doyle Suddruth a copy of the trial court statement of facts. In a subsequent application by use of the investigation offense report I tryed to show I did not commit this crime. The application was dismissed. Then in 2000 while incarcerated at the William P. Clements unit at Amarillo I tryed to obtain any complaint made by the prosecution for a warrant made on me. Going to the District Court Clerk was told she didn't have that. A lady friend of my mother having the same last name as the perpatrator for this crime went to the District Court Clerk and manage to get a copy of a complaint made by the prosecution that had Larry Dale Smith's name on it. She mailed this complaint to me, Not understanding no law, it took awhile to realize it had been filed in the Justice Court of Ronnie Lappie. Before I enquire about any complaint there, I had learnt the indictment against this Larry Dale Smith had been dismissed on the 25th day of August 1995. Stephen Ellis was the attorney. While going through the direct appeal Stephen Ellis became judge of the court. I request a copy of any complaint filed in the Justice Court of Ronnie Lappe against me. When I received the complaint

I was supprised. It was the one and same as the one that had Larry Dale Smith's name on it. Application 13,872-C thru I were all about this complaint. Each one dismissed. Then I wrote Scott Steele the trial attorney. He answered back and told me to read State v. Martin, 833 S.W. 2d 129 (Tex. Crim. App. 1992); Peterson v. State, 781 S.W. 2d 933 (Tex. Crim. App. 1989) and read all of Chapter pertaining to the indictment. I did then wrote up application 13,872-J. I was told by the District Court Clerk Ian Brown the Court of Criminal Appeals were going to dismiss the case. Then the Clerk inform my wife that the Court of Criminal Appeals decided to dismiss the application claiming the application lacked one thing, No one would tell me what the one thing was. The Court of Criminal Appeals issued a order directing the Clerk not to except or file any other application by me. I continued anyway proving actual innocence and the trial court lacked jurisdiction. Each application denied under the order set out above. Then I found Ex parte Sledge, 2013 Tex. Crim. App. LEXIS 156 (Tex. Crim. App. January 16, 2013), containing your dissent who concluded that the Court had jurisdiction to address subsequent writs because (1) the requirements governing subsequent writs do not apply to a claim that the trial court lacked jurisdiction and, alternatively, (2) if those requirements do apply, a jurisdictional claim raises a constitutional violation that satisfies the procedural requirements so as to permit review.

Judge Alcala, I even renamed cause number 13,872-AH a NON-SUBSEQUENT COMPANION Application, Still the clerk denied the application in accordance to the order set out above.

Judge, all I am asking is please take a look at this application and read the investigation offense report and the complaint attached as exhibits. The D.A. had to amend the complaint to even charge the offense. He cannot be both the accuser and the prosecutor. To remove his charge from the indictment it wont charge any offense, the trial court lacked jurisdiction. Respectfully yours, Bilow C. Wilkins